AMY, J.,
concurring in part and dissenting in part.
|¶1 agree with the majority’s affirmation of the rulings on the defendant’s exceptions. However, I respectfully dissent from the opinion’s resolution of the foundational issue of whether La.R.S. 23:1032.1 requires that an employee prove all elements of a tort action. In this case, the element at issue is that of fault/negligence. Affirming the trial court’s finding on this point, the majority concludes that La.R.S. 23:1032.1 does not require, demonstration of that element as the statute is punitive in nature.
In my opinion, however, the actual penalty to the employer is the risk of being “sue[d] ... for all legal damages” which would eliminate the employer’s protections under the workers’ compensation provisions and expose it to liability for general damages as well as a less structured framework for loss of earnings, etc. Simply put, I find that La.R.S. 23:1032.1 provides an avenue for an employee’s recovery under a general tort cause of action. *664 With that “penalty” in mind, I do not see language otherwise within La.R.S. 23:1032.1, or in surrounding statutory authority, that would eliminate a requirement as fundamental as a plaintiffs burden of proof in a suit for “legal damages.” For that reason, I find error in the trial court’s determination that the plaintiff was not required to establish negligence. I would reverse on that issue and remand for further proceedings.